# Exhibit A



# Case #2017CI09751

**Name**: ANGELITA ORTIZ

**Date Filed** : 05/26/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 225

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : ANGELITA ORTIZ ET AL

**Style (2)** : vs SAFECO INSURANCE COMPANY OF INDIANA ET AL

# Case History

*Currently viewing 1 through 6 of 6 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00004 | 6/27/2017 | ORIGINAL ANSWER OF<br>SAFECO INSURANCE COMPANY OF INDIANA AND<br>REQUEST FOR DISCLOSURE |
| P00003 | 6/8/2017 | RETURN OF SERVICE OF<br>SAFECO INSURANCE OF INDIANA |
| S00002 | 6/2/2017 | CITATION<br>CHARLES ROBERT EDDY JR<br>ISSUED: 6/2/2017 |
| S00001 | 6/2/2017 | CITATION<br>SAFECO INSURANCE COMPANY OF INDIANA<br>ISSUED: 6/2/2017 |
| P00002 | 5/26/2017 | SERVICE ASSIGNED TO CLERK 3 |
| P00001 | 5/26/2017 | PET FOR HAIL DAMAGE RESIDENTIAL |

PRIVATE PROCESS

Case Number: 2017-CI-09751

2017CI09751 S00001

**ANGELITA ORTIZ ET AL**
**VS.**
**SAFECO INSURANCE COMPANY OF INDIANA ET A**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: SAFECO INSURANCE COMPANY OF INDIANA

DELIVERED
6 / 6 / 17
By: ¼T.scctrue
Austin Process, LLC

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and PET FOR HAIL DAMAGE RESIDENTIAL JURY DEMAND REQUEST FOR DISCLOSURE AND STIPULATED DAMAGES, a default judgment may be taken against you." Said PET FOR HAIL DAMAGE RESIDENTIAL JURY DEMAND REQUEST FOR DISCLOSURE AND STIPULATED DAMAGES was filed on the 26th day of May, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 2ND DAY OF JUNE A.D., 2017.

MATTHEW ZARGHOUNI
ATTORNEY FOR PLAINTIFF
7322 SOUTHWEST FWY 1965
HOUSTON, TX 77074



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Edgar Garcia*, Deputy

---

ANGELITA ORTIZ ET AL
VS
SAFECO INSURANCE COMPANY OF INDIANA ET A

**Officer's Return**

Case Number: 2017-CI-09751
Court: 225th Judicial District Court

I received this CITATION on the_____ day of_____, 20____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached PET FOR HAIL DAMAGE RESIDENTIAL JURY DEMAND REQUEST FOR DISCLOSURE AND STIPULATED DAMAGES on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
5/26/2017 3:58:03 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

2 citpps sac1

Cause No. 2017CI09751

w/jd

| | | |
|---|---|---|
| Angelita Ortiz and Margarito Ortiz | § § § | In the District Court |
| *Plaintiff,* | § § § | |
| vs. | § § | Bexar County, Texas |
| Safeco Insurance Company of Indiana and Charles Robert Eddy Jr. | § § § § | **225** |
| *Defendants.* | § | _____ Judicial District |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUEST FOR DISCLOSURE, AND STIPULATED DAMAGES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Angelita Ortiz and Margarito Ortiz ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of Safeco Insurance Company of Indiana and Charles Robert Eddy Jr. (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2. Plaintiff, Angelita Ortiz and Margarito Ortiz, is an individual residing in Bexar County, Texas at 7719 Monte Seco St., San Antonio, TX 78223.

3. Defendant, Safeco Insurance Company of Indiana, is an insurance company doing business in Texas and may be served as follows: Corporation Service Company, 211 East 7th Street Suite 620, Austin, TX 78701.

1

4.   Defendant, Charles Robert Eddy Jr., is an adjuster in the course and working scope of employment with Safeco Insurance Company of Indiana. Charles Robert Eddy Jr. can be served at the residential address listed with the Texas Department of Insurance: 5135 West Amitx, Salado, TX 76571. Plaintiff requests service at this time.

## C. JURISDICTION

5.   The Court has jurisdiction over Safeco Insurance Company of Indiana because Safeco Insurance Company of Indiana engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

6.   The Court has jurisdiction over Charles Robert Eddy Jr. because Charles Robert Eddy Jr. is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Charles Robert Eddy Jr.'s business activities in the State of Texas, with reference to this specific case.

## D. VENUE

7.   Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E. CONDITIONS PRECEDENT

8.   All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9.   Whenever in this petition it is alleged that Safeco Insurance Company of Indiana did any act or omission, it is meant that Safeco Insurance Company of Indiana itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Safeco Insurance Company of Indiana or done in the normal

routine, course, and scope of the agency or employment of Safeco Insurance Company of Indiana or its agents, officers, servants, employees, or representatives.

### G. FACTS

10. Plaintiff is a named insured under a property insurance policy—0X5873814 (the "Policy")—issued by Safeco Insurance Company of Indiana. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 7719 Monte Seco St., San Antonio, TX 78223 (the "Property").

11. On or about 4/12/2016, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the Property including but not limited to damage to the roof, ceilings, and fence.

12. Shortly after the storm, Plaintiff noticed damage to the Property. Plaintiff contacted Safeco Insurance Company of Indiana to notify Safeco Insurance Company of Indiana of the damage.

13. Plaintiff submitted a claim, 359701736036, to Safeco Insurance Company of Indiana against the Policy for all roof damage, water damage, and wind damage the Property sustained as a result of the storm.

14. Plaintiff asked that Safeco Insurance Company of Indiana honor its contractual obligations to cover the cost of repairs to the Property.

15. Safeco Insurance Company of Indiana assigned Charles Robert Eddy Jr. to adjust the claim. Defendants, Safeco Insurance Company of Indiana and Charles Robert Eddy Jr., conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Charles Robert Eddy Jr. failed to fully inspect all damage to the Property.

16. Despite obvious, visible storm damage, Charles Robert Eddy Jr., on his/her own behalf and on behalf of Safeco Insurance Company of Indiana, verbally misrepresented to Plaintiff

at the time of the inspection and thereafter that the Property had minimal storm-related damage. Charles Robert Eddy Jr. repeated this misrepresentation, again on his/her own behalf and on behalf of Safeco Insurance Company of Indiana, in a letter to Plaintiff dated .

17. Together, Defendants Safeco Insurance Company of Indiana and Charles Robert Eddy Jr. set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

18. Defendant Safeco Insurance Company of Indiana failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Safeco Insurance Company of Indiana's conduct constitutes a breach of the insurance contract between Safeco Insurance Company of Indiana and Plaintiff.

19. Even though the Property sustained obvious damage caused by a covered occurrence, Defendants misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

21. Defendants refused to adequately compensate Plaintiff under the terms of the Policy, and they failed to conduct a reasonable investigation of the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

22. Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's

claim was denied. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

23. Defendant, Safeco Insurance Company of Indiana, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

24. Defendant, Safeco Insurance Company of Indiana, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant, Safeco Insurance Company of Indiana, delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

26. Since the time Plaintiff's claim was presented to Defendant Safeco Insurance Company of Indiana, the liability of Safeco Insurance Company of Indiana to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Safeco Insurance Company of Indiana has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Safeco Insurance Company of Indiana's duty of good faith and fair dealing.

27. Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendants knowingly concealed all or part of material information from Plaintiff.

28. To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff

5

is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## H. CAUSES OF ACTION

### I. BREACH OF CONTRACT (against Safeco Insurance Company of Indiana)

29. Defendant Safeco Insurance Company of Indiana had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Safeco Insurance Company of Indiana breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

30. Defendant Safeco Insurance Company of Indiana is therefore liable to Plaintiff for breach of contract.

### II. PROMPT PAYMENT OF CLAIMS STATUTE (against Safeco Insurance Company of Indiana)

31. Plaintiff's claim is a claim under an insurance policy with Defendant Safeco Insurance Company of Indiana, of which Plaintiff gave Safeco Insurance Company of Indiana proper notice. Safeco Insurance Company of Indiana is liable for the claim.

32. Defendant Safeco Insurance Company of Indiana violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Safeco Insurance Company of Indiana reasonably believed to be required within the time constraints provided by Tex. Ins. Code § 542.055; failing to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or delaying payment of the claim following Safeco Insurance Company of Indiana's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34. Defendant Safeco Insurance Company of Indiana is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

## III. UNFAIR SETTLEMENT PRACTICES/BAD FAITH (against all Defendants)

35. Each of the foregoing paragraphs is incorporated by reference here fully.

36. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** Safeco Insurance Company of Indiana

37. Defendant Safeco Insurance Company of Indiana engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Safeco Insurance Company of Indiana's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for Safeco Insurance Company of Indiana's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Safeco Insurance Company of Indiana and was a producing cause of Plaintiff's damages. Safeco Insurance Company of Indiana is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT** Charles Robert Eddy Jr.

39. Defendant Charles Robert Eddy Jr. was a contractor and/or adjuster assigned by Charles Robert Eddy Jr. to assist with adjusting the claim. Charles Robert Eddy Jr. was charged

with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40. Charles Robert Eddy Jr. was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

41. Charles Robert Eddy Jr. conducted a substandard, results-oriented inspection of the Property.

42. As such, Charles Robert Eddy Jr. failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

43. Further, Charles Robert Eddy Jr. misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Charles Robert Eddy Jr. failed to provide Plaintiff with a reasonable explanation as to why Charles Robert Eddy Jr. did not compensate Plaintiff for the covered losses, or the true value thereof.

44. Thus, Charles Robert Eddy Jr. engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Safeco Insurance Company of Indiana's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff's claim. Each of the aforementioned unfair settlement practices was committed knowingly by Charles Robert Eddy Jr. and was a producing cause of Plaintiff's damages. Charles Robert Eddy Jr. is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

### IV.  DTPA VIOLATIONS (against all Defendants)

45. Each of the foregoing paragraphs is incorporated by reference here fully.

46. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47. Defendants have violated the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") in at least the following respects:

48. Defendants represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50. Further, Defendants knowingly and/or intentionally committed the acts complained

of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### V. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (against Safeco Insurance Company of Indiana)

51. Defendant Safeco Insurance Company of Indiana breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Safeco Insurance Company of Indiana knew or should have known liability was reasonably clear. Safeco Insurance Company of Indiana's conduct proximately caused Plaintiff's damages.

52. Defendant Safeco Insurance Company of Indiana is therefore liable to Plaintiff.

### VI. ATTORNEY'S FEES

53. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54. Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

### I. KNOWLEDGE

57. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### J. DAMAGES

10

58. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59. Due to the mishandling of Plaintiff's claim by Defendants, the damages caused by the 4/12/2016 storm have not been fully addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE § 541.152.

62. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64. For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

11

65. For the prosecution and collection of this claim, Plaintiff was compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action.

## K. STATEMENT OF RELIEF AND DAMAGES

66. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## L. RESERVATION OF RIGHTS

67. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M. JURY DEMAND

68. Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Bexar County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## N. REQUEST FOR DISCLOSURE

69. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## O. STIPULATED DAMAGES

70.     Plaintiff, Angelita Ortiz and Margarito Ortiz, through its undersigned counsel, stipulates to the following amount of damages and submits this stipulation to the Court for approval.

71.     Plaintiff hereby stipulates that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, nor will Plaintiff amend this petition before or after the one-year removal deadline to seek in excess of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, trebled, under the Texas Insurance Code and Texas Deceptive Trade Practices Consumer Protection Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**
*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com
**ATTORNEY FOR PLAINTIFF**

FILED
6/27/2017 9:04 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2017CI09751

| | | |
|---|---|---|
| ANGELITA ORTIZ AND MARGARITO ORTIZ<br>    Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF INDIANA AND CHARLES ROBERT EDDY JR.<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>BEXAR COUNTY, TEXAS<br><br><br><br>225TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA AND REQUEST FOR DISCLOSURE

Defendant Safeco Insurance Company of Indiana files its Original Answer, and would respectfully show as follows:

**I.**

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

**II.**

Defendant Safeco Insurance Company of Indiana specifically reserves its right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss without waiving any rights under the policy.

**III.**

Pursuant to Texas Rules of Civil Procedure, Plaintiff is requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l). Plaintiff shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

**IV.**

WHEREFORE, Defendant Safeco Insurance Company of Indiana respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

_____
David R. Stephens
State Bar No. 19146100
dstephens@lstlaw.com
Carol A. Jenson
State Bar No. 10648500
cjenson@lstlaw.com
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile:  (210) 227-4602
*Counsel for Defendant,*
*Safeco Insurance Company of Indiana*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Original Answer of Defendant Safeco Insurance Company of Indiana and Request for Disclosure was served by facsimile and/or electronic service on the __27th__ day of **June**, 2017 upon the following counsel of record:

Matthew Zarghouni
ZAR LAW FIRM
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Fax: 832-448-9149
matt@zar-law.com

                                                                                                   _____
                                                                                                    David R. Stephens